UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LAUREN FOSTER,                                  :     ___ Civ. _____
                                                :
                Plaintiff,                      :
                                                :     **COMPLAINT**
        -against-                               :     **WITH JURY DEMAND**
                                                :
ABS BY ALLEN SCHWARTZ, LLC                      :
(formerly known as HARMONY COLLECTION,           :
LLC d/b/a ABS BY ALLEN SCHWARTZ),               :
                                                :
                Defendant.                      :
-----------------------------------------------------------------X

Plaintiff, Lauren Foster, by her attorneys, Law Office of Andrea Paparella, PLLC, for her Complaint against ABS By Allen Schwartz, LLC (formerly known as Harmony Collection, LLC d/b/a ABS By Allen Schwartz) ("ABS"), alleges as follows:

## THE PARTIES

1.      Plaintiff Lauren Foster was employed by ABS as a Social Media Manager from approximately April 6, 2015 to April 29, 2016.

2.      ABS By Allen Schwartz, LLC (formerly known as Harmony Collection, LLC d/b/a ABS By Allen Schwartz) is a California business which has an office and does business in New York, located at 525 Fashion Ave # 1402, New York, NY 10018. ABS is a fashion retail company.

3.      Upon information and belief, ABS is a covered employer within the meaning of New York Labor Law § 190 et seq. ("NYLL") and the Fair Labor Standards Act ("FLSA"). At all relevant times, ABS was legally responsible for the violations of the NYLL and FLSA alleged herein.

## THE NATURE OF THE ACTION

4. Foster brings this action under the Fair Labor Standards Act § 207 et seq. ("FLSA") and New York Labor Law § 190 et seq. ("NYLL"). Specifically, Foster worked full-time and ABS failed to pay her owed overtime compensation and retaliated against her for her complaining of such.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action under 29 U.S.C. § 1331 and the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b)(2), as the Southern District of New York is the judicial district in which a substantial part of the events giving rise to Foster's claims occurred.

## STATEMENT OF FACTS

7. Foster worked as a Social Media Manager for ABS from approximately April 6, 2015 to April 29, 2015.

8. Foster's primary duties included creating copy across social networks, analyzing data to track customer engagement and revenue generated, supporting all major and wholesale accounts, communicating with the public relation agency, and acting as customer service support for new existing and potential customers.

9. Foster's duties and role were not considered a recognized field of artistic or creative endeavor.

10. Throughout her employment, Foster was qualified for her position and performed her duties in a professional and competent manner.

11. ABS misclassified Foster as a salaried employee.

12. Foster worked in ABS's New York City office located at 525 Fashion Ave # 1402, New York, NY 10018.

13. Foster was not provided with a Notice of Pay Rate form at the time ABS hired her.

14. ABS was aware that Foster left her previous position for the Social Media Manager position at ABS.

15. ABS told Foster when it hired her that her hours would be 9:00 am to 5:00 pm.

16. On March 26, 2016, ABS told Foster that the New York office's hours were 8:30 am to 6:00 pm.

**A.**   **ABS Failed To Pay Foster Overtime Compensation For Overtime Hours She Worked.**

17. ABS, however, failed to pay Foster overtime compensation for the hours she worked in excess of forty hours per week ("overtime hours").

18. Foster worked, on average, from 8:30 a.m. to approximately 6:00 p.m., Monday through Friday, and between 2 and 2.5 hours over each weekend (Saturday and Sunday). ABS only compensated Foster a salaried rate at $1777.27, per two-week pay period, which accounted for 80 hours of work per pay period. ABS did not compensate Foster for the approximately 10 overtime hours that Foster worked each week she was employed.

19. Foster worked approximately 34.5 overtime hours between April 6, 2015 and April 29, 2015, for which ABS failed to pay her overtime compensation in the amount of one and a half times her hourly rate.

20. Paragraphs 16 to 19 below are grouped by the regular payroll periods when Foster worked at ABS.

21. From April 6, 2015 to April 19, 2015, Foster worked approximately 20 overtime hours for which ABS did not pay her overtime compensation.

22. ABS did not pay Foster any overtime compensation for the period of April 6, 2015 to April 19, 2015.

23. From April 20, 2015 to April 29, 2016, Foster worked approximately 14.5 overtime hours for which ABS did not pay her overtime compensation.

24. ABS did not pay Foster any overtime compensation for the period April 20, 2015 to April 29, 2015.

**B. Foster Complained About Her Hours To ABS and ABS Terminated Her Employment.**

25. On April 21, 2015, Foster complained to Brian Honigman, her manager, that she was told that her hours would be 9:00 am to 5:00 pm because, in part, she worked for 2 to 2.5 hours per weekend.

26. On April 23, 2015, Mr. Honigman told Foster that 9:00 am to 6:00 pm and weekend hours had been approved, even though those hours were longer than the ones ABS had originally told Foster.

27. On April 29, 2015, Kirk Foster terminated Foster's employment. Mr. Foster told Foster that she was being laid off. Mr. Foster did not cite any poor performance by Foster.

## FIRST CLAIM
### (Failure to Pay Overtime Under The Fair Labor Standards Act)

28. Plaintiff repeats and realleges all of the allegations contained herein, as if separately alleged.

29. From April 6, 2015 to April 29, 2016, Plaintiff was employed by Defendant as a Social Media Manager.

30. Plaintiff was an employee and Defendant was an employer under the Fair Labor Standards Act.

31. Plaintiff's role and duties are not considered a recognized field of artistic or creative endeavor.

32. Defendant willfully violated Plaintiff's rights by failing to pay her overtime compensation at one and a half times her hourly rate.

33. As a result, Plaintiff suffered significant damages in an amount to be determined at trial.

## SECOND CLAIM
### (Unpaid Overtime Under The New York Labor Law §§ 663(1) and 198)

34. Plaintiff repeats and realleges all of the allegations contained herein, as if separately alleged.

35. From April 6, 2015 to April 29, 2016, Plaintiff was employed by Defendant as a Social Media Manager.

36. Plaintiff was an employee and Defendant was an employer under New York Labor Law §§ 2 and 651.

37. Defendant willfully violated Plaintiff's rights by failing to pay her overtime compensation at one and a half times his hourly rate.

38. As a result, Plaintiff suffered significant damages, in an amount to be determined at trial.

## THIRD CLAIM
### (Violation Of The New York Labor Law)

39. Plaintiff repeats and realleges all of the allegations contained herein, as if separately alleged.

40. Defendant violated the New York Labor Law by depriving Plaintiff, an employee, owed compensation.

41. As a result of Defendant's violation of the New York Labor Law, Plaintiff has suffered damages by failing to receive her lawful wages during the time periods mentioned herein above. Additionally, Plaintiff is entitled to statutory damages, liquidated damages, prejudgment interest, and attorneys' fees.

42. By Defendant's knowing or intentional failure to pay Plaintiff her entire wages, Defendant has willfully violated the New York Labor Law Art. 6 §§ 190 et seq. and the supporting New York State Department of Labor regulations.

43. Defendant's actions in failing to compensate Plaintiff in accordance with NYLL were not in good faith.

## FOURTH CLAIM
### (Violation Of The New York Wage Theft Prevention Act)

44. Plaintiff repeats and realleges all of the allegations contained herein, as if separately alleged.

45.     Defendant violated the Wage Theft Prevention Act, NYLL § 195 by failing to give notice to Plaintiff of information required by the Act such as, but not limited to, the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the main office or principal place of business, and a mailing address if different; the telephone number of the employer.

46.     Because of Defendant's violation of the Wage Theft Prevention Act, Plaintiff is entitled to $50 for each week that the notice has not been given (up to $2,500), including costs and attorneys' fees.

## **FIFTH CLAIM**
### (Retaliation in Violation of the FLSA)

47.     Plaintiff repeats and realleges all of the allegations contained herein, as if separately alleged.

48.     Defendant is an "employee" under § 215(a)(3) of the FLSA.

49.     Foster is an "employee" under § 215(a)(3) of the FLSA.

50.     Foster engaged in "protected activity" under § 215(a)(3) when she complained about her hours and pay.

51.     Upon information and belief, there is a causal link between ABS terminating Foster's employment on April 29, 2015 and the assertion by Foster of her rights under the FLSA.

52.     The actions of Defendant are in violation of the anti-retaliation provisions of 29 U.S.C. § 215(a)(3).

53. Additionally, § 704(a) of the 1964 Civil Rights Act makes it illegal for an employer to retaliate against any employee who has opposed any unlawful employment practice.

54. Upon information and belief, Foster was unlawfully retaliated against for complaining about her hours and pay, in violation of 29 U.S.C. § 215(a)(3).

## SIXTH CLAIM
### (Retaliation Under the NYLL)

55. Plaintiff repeats and realleges all of the allegations contained herein, as if separately alleged.

56. Foster engaged in "protected activity" under NYLL § 215(1) when she complained about her hours and pay.

57. Upon information and belief, there is a causal link between ABS terminating Foster's employment on April 29, 2015 and the assertion by Foster of her rights under the NYLL.

58. There is a casual link between the adverse employment actions as described above and the assertion by Foster of her rights under the NYLL.

## SEVENTH CLAIM
### (Promissory Estopple)

59. Plaintiff repeats and realleges all of the allegations contained herein, as if separately alleged.

60. Defendant should be estopped from failing to fulfill a promise made to Plaintiff because Plaintiff changed her position substantially by acting in reliance upon said promise.

61. Defendant made a clear and unambiguous promise to Plaintiffs that they would employ Plaintiff as a Social Media Manager.

62. It was reasonable and foreseeable that Plaintiff would rely on the hereinabove promise to quit her previous employment and become an employee of ABS.

63. Plaintiff has suffered a substantial detriment by ABS laying her off from her employment.

### EIGHTH CLAIM
### (Breach of Contract)

64. Plaintiff repeats and realleges all of the allegations contained herein, as if separately alleged.

65. On information and belief, Defendant and Plaintiff entered into an employment contract wherein Defendant would compensate Plaintiff in accordance with the New York Labor Law in consideration of services benefiting Defendant.

66. From approximately April 6, 2015 to April 29, 2015, Defendant breached the above mentioned contract by failing to fully compensate Plaintiff for work done by Plaintiff during the relevant time period.

67. Plaintiff suffered damages by failing to receive her contracted compensation owed to her by Defendant during the herein above mentioned timed period.

### NINTH CLAIM
### (Quantum Meruit)

68. Plaintiff repeats and realleges all of the allegations contained herein, as if separately alleged.

69. Plaintiff provided services from approximately April 6, 2015 to April 29, 2015, in good faith; Plaintiff was not fully compensated during this time.

70. Defendant accepted the services of Plaintiff during the same time period.

9

71. Plaintiff had a reasonable expectation to be fully compensated for her services during the relevant time period.

72. Plaintiff should be compensated by Defendant for the above work product as the law allows.

## TENTH CLAIM
### (Unjust Enrichment)

73. Plaintiff repeats and realleges all of the allegations contained herein, as if separately alleged.

74. On information and belief, Defendant has been unjustly enriched by benefiting from Plaintiff's services produced during the time period of approximately April 6, 2015 to April 29, 2015, and not fully compensating Plaintiff for such services. Defendant benefitted from Plaintiff's services by receiving social media advertisements.

75. During the above mentioned time period, Plaintiff provided services for the benefit of Defendant at the expense of himself.

76. To date, Plaintiff has not been properly compensated for such work product.

77. Defendant has been unjustly enriched by obtaining any and all benefits from the Plaintiff's uncompensated work product and equity and good conscious require restitution.

WHEREFORE, Plaintiff prays that this Court grant judgment to them containing the following relief:

A. Unpaid wages;

B. Unpaid compensation for services for the benefit of Defendant;

C. Back pay;

D. Reinstatement of front pay in lieu of reinstatement;

E. Liquidated and statutory damages as permitted by law;

F. Pre-judgment and post-judgment interest;

G. Reasonable attorneys' fees and costs of the action; and

H. Such other relief as this Court shall deems proper.

Dated: New York, New York
March 7, 2017

Law Office of Andrea Paparella, PLLC

By: __/s/ Siobhan Klassen_____

Andrea M. Paparella
Siobhan Klassen
150 West 28th Street, Suite 1603
New York, New York 10001-5304
Telephone: (212) 675-2523
Facsimile: (914) 462-3287
Email: ap@andreapaparella.com
sk@andreapaparella.com