## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between Lauren Foster ("Foster") and ABS by Allen Schwartz, LLC ("ABS"). Foster and ABS are together referred to as the "Parties".

**WHEREAS**, Foster commenced a civil action against ABS on March 7, 2017 captioned as "Lauren Foster v. ABS By Allen Schwartz, LLC (formerly known as Harmony Collection, LLC d/b/a ABS By Allen Schwartz," venued in the United States District Court, Southern District of New York, Civil Action No. 17-01704 (RJS) (hereinafter, the "Underlying Litigation"), alleging various violations of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL");

**WHEREAS**, ABS filed its Answer with the court, denying the allegations in the Complaint, denying Foster's entitlement to any relief whatsoever against ABS, and asserting numerous affirmative defenses;

**WHEREAS**, the Parties to this Agreement desire to resolve any and all lawsuits, complaints, claims, and/or disputes between them without further litigation or adjudication;

**WHEREAS**, Foster's counsel and ABS's counsel have negotiated extensively in good faith to reach a settlement acceptable to the Parties which constitutes a fair and reasonable compromise of each of Foster's claims, and each of ABS's defenses;

**WHEREAS**, the Parties to this Agreement understand and agree that ABS denies each and every allegation of wrongdoing including, but not limited to, any allegations whatsoever, made or which could have been made by Foster against ABS prior to the date of the execution of this Agreement;

**WHEREAS**, the Parties to this Agreement understand and agree that neither the making of this Agreement nor anything contained herein shall, in any way, be construed or considered to be an admission by ABS of any liability, guilt, noncompliance or wrongdoing whatsoever with

1

respect to any federal, state or local law, rule, canon, opinion, statute, regulations, constitution, ordinance, common law, or public policy; and

**WHEREAS**, no court of law or tribunal has made any findings as to the merits of Foster's claims and allegations against ABS;

**NOW THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES TO THIS AGREEMENT** that:

1.  ABS shall cause a total of Ten Thousand Dollars and Zero Cents ($10,000.00) ("the Settlement Amount") to be paid as follows:

    a. Two (2) installment payments in the amount of Three Thousand Four Hundred Twenty-Nine Dollars and Zero Cents ($3,429.00) each, to be paid by check to Lauren Foster and deliverable to Lauren Foster at 909 Clinton Street, #1D, Hoboken, NJ 07030. The first installment payment will be made on or before September 1, 2017; the second installment payment will be made on or before September 15, 2017.

    b. Two (2) installment payments in the amount of One Thousand Five Hundred Seventy-One Dollars and Zero Cents ($1,571.00) each, to be paid by check to Law Office of Andrea Paparella, PLLC and deliverable to Law Office of Andrea Paparella, 150 West 28th Street, Suite 1603, New York, New York 10001 for attorneys' fees and costs. The first installment payment will be made on or before September 1, 2017; the second installment payment will be made on or before September 15, 2017.

Foster is to provide ABS's counsel with an original signed Agreement prior to the issuance of the first installment payment on or before September 1, 2017. Copies of the fully signed Agreement with the parties' signatures shall have the same force and effect as the original signed Agreement.

2.  Foster agrees that contemporaneous with the delivery of a signed Agreement she shall also deliver to ABS's attorneys a signed Stipulation and Order of Dismissal with Prejudice, attached hereto as Exhibit A. Counsel for ABS shall hold the Agreement and Stipulation and Order

in escrow pending Foster's receipt of the full Settlement Amount, after which ABS's counsel will file the Stipulation and Order with the court.

3.      For and in consideration of the Settlement Amount paid to Foster as more fully described in Paragraph 1 above Foster hereby waives, releases and forever discharges ABS, which as used in each instance in this Agreement shall also include its parent company, Aquarius Rags, LLC, affiliates, subsidiaries, partners, agents, representatives, employees, heirs, predecessors, successors, assigns, attorneys of record, and insurers, in both their official and individual capacities, from any and all claims, suits, debts, dues, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, complaints, grievances, damages, sums of money, interest, attorney's fees and costs, or causes of action of any kind or nature whatsoever, whether in contract, at law or in equity, that were made or could have been made pursuant to any legal theory, and under any federal, state or local law, rule, canon, opinion, statute, regulations, constitution, ordinance, common law, or public policy, including but not limited to FLSA and New York State minimum wage violations, FLSA and New York State overtime violations, New York State spread of hours violations, and New York State notice requirements, whether known or unknown, from the beginning of the world through the date that Foster executes this Agreement.

4.      "Foster acknowledges and agrees that neither ABS not its counsel, nor Foster's counsel, have made any representation to Foster regarding the tax consequences of any amounts paid pursuant to this Agreement. Foster agrees to be responsible for the payment of any taxes, withholdings, interest, penalties, fines and other liabilities or costs that may be assessed upon the settlement amount specified in paragraph 1 above with respect to what Foster owes for taxes and will indemnify and hold ABS harmless against the payment of any such taxes, penalties, interest, fines and other liabilities or costs that may be assessed against ABS in connection with what Foster should have paid for taxes. Should Foster fail to indemnify and hold ABS harmless as set forth above, and ABS is required to institute legal proceedings to enforce any of the provisions of

3

this paragraph, Foster agrees to pay ABS the reasonable attorneys' fees and costs they incur obtaining and enforcing such indemnification."

5.  Except for the Underlying Action, Foster represents that there are no pending lawsuits, charges, disciplinary complaints, administrative proceedings, or other claims of any nature whatsoever by Foster against ABS in any state, federal or local court, or before any agency or other administrative body. Foster further represents that she has not assigned any claims of any nature whatsoever to any person or entity which could be asserted against ABS in any state, federal or local court, or before any agency or other administrative body. Unless otherwise required by law, Foster agrees not to assert, and agrees not to assist any person or entity in the assertion of, any claims, charges or other legal proceedings against ABS in any forum, based on any events, whether known or unknown, occurring prior to the date of the execution of this Agreement, including but not limited to, any events related to, arising out of, or in connection with the Underlying Litigation.

6.  This Agreement contains the sole and the entire agreement between Foster and ABS and fully supersedes any and all prior or contemporaneous agreements and understandings pertaining to the subject matter hereof. Foster represents and acknowledges that in executing this Agreement, she has not relied upon any representation or statement not set forth herein which may have been made by ABS and/or its lawyers with regard to the subject matter of this Agreement. No other promises or agreements shall be binding unless in writing, signed by the Parties hereto and expressly stated to be a modification of this Agreement.

Further, Foster understands and agrees that the Settlement Amount specified in Paragraph 1 is the only payment to which she is entitled under this Agreement. Foster understands and agrees that she will not seek anything further, whether monetary or otherwise, from ABS relating to anything which has happened prior to or as of the date of the execution of this Agreement. The Parties shall not be responsible for each other's costs, expenses, or attorney's fees.

7. The Parties hereby represent, agree and acknowledge that they shall not initiate any comments on the terms of this Agreement or the allegations against ABS in the Underlying Litigation in any fashion, such as disclosures or statements to the newspapers, radio, or television, or other media, the authorship of any books, articles, or other publications, including cooperation or interviews with any media or with any others writing books, articles, or publications, any internet media or source, including without limitation distributing or "posting" videos or written materials on, but not limited to, You Tube, Facebook, Twitter, or Instagram (hereinafter "Internet Media") that is disparaging of each other, nor make any disparaging comments about each other to any private individual and to the newspapers, radio, television, or any broadcasting, publishing or internet media, including off-the-record comments, nor shall they encourage or induce third Parties to do so on their behalf.

For the purposes of this Agreement, the term "disparage" includes without limitation: (i) comments or statements to the press, any broadcasting, publishing or Internet Media, the Parties or any individual or entity with whom the Parties have a business relationship which would adversely affect in any manner: (a) the conduct of the Parties' business; or (b) the business reputation of the Parties; or (ii) comments or statements to anyone other than a Party to the Underlying Litigation that would adversely affect in any manner the personal reputation of the Parties.

(a) The Parties agree that there would be no adequate remedy at law to rectify any violation of the aforementioned provisions or the provisions of Paragraph 7 and that such violation would likely result in the other Party suffering irreparable injury. Accordingly, in addition to any remedy that might be available at law, the Parties consent to the issuance of a restraining order and injunctive relief (both interim and on a permanent basis) in the event of a violation by the other Party of Paragraph 7 of this Agreement.

(b) In any proceeding brought under this Agreement seeking a temporary and/or permanent injunction, the breaching Party agrees that her/its ability to answer in damages shall not be a bar or interposed as a defense to the granting of such temporary or permanent injunction and

that it shall be presumed that the aggrieved Party has suffered irreparable injury and has no adequate remedy at law.

8. Foster agrees that this Agreement shall not be offered, used or considered as evidence in any proceeding of any type against or involving ABS except to the extent necessary to enforce the terms of this Agreement.

9. The Parties are bound by this Agreement. Those who succeed to the Parties' rights and responsibilities are also bound, including their successors and assigns, who are also bound.

10. Should any provision, clause and/or language of this Agreement be found to be in violation of law, or ineffective or barred for any reason whatsoever, the remainder of the Agreement shall remain in full force and effect; provided, however, that if any release or waiver set forth in paragraph 3 of this Agreement is declared to be invalid, illegal or unenforceable in whole or in part, ABS shall have the right to elect to consider its obligations under this Agreement to be nullified.

11. This Agreement may not be changed or modified except by a writing signed by Foster and ABS.

12. In the event of any litigation to enforce or regarding a breach of the terms of this Agreement and one party is found to have breached a term(s) of this Agreement, the non-breaching party shall be entitled to receive from the breaching party reasonable attorneys' fees and costs up through and including the appellate process.

13. This Agreement may be executed in multiple counterparts.

14. This Agreement shall be construed in accordance with New York law without reference to its principles of conflicts of law.

15. In the event the court fails to dismiss the Underlying Litigation with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

16. The Parties to this Agreement acknowledge that they: (a) have carefully read this Agreement in its entirety; (b) have had an opportunity to consider the terms of this Agreement for a reasonable period of time; (c) have had the opportunity to consult with an attorney prior to executing this Agreement; (d) fully understand the significance of all of the terms and conditions of this Agreement; and (e) are signing this Agreement voluntarily and of their free will and agree to abide by all terms and conditions herein.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement effective immediately as of the moment the settlement checks clear.

| Lauren Foster | ABS by Allen Schwartz, LLC |
|---|---|
| */s/ Lauren Foster* | */s/* By: KIRK FOSTER, CFO |

Sworn to before me this 21st day of AUGUST, 2017

*/s/* NOTARY PUBLIC

3769482 v1

```
LAWRENCE J DELORENZO
NOTARY PUBLIC, STATE OF NEW YORK
No. 01DE6111727
Qualified in Westchester County
My commission expires 06/21/
```

Sworn to before me this 22nd day of August, 2017

*/s/* NOTARY PUBLIC

```
JAMES H. SANDINO
COMM. #2134697
Notary Public - California
Los Angeles County
My Comm. Expires Dec. 16, 2019
```

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LAUREN FOSTER,

                            Plaintiff,

          -against-

ABS BY ALLEN SCHWARTZ, LLC (formerly known as HARMONY COLLECTION, LLC d/b/a ABS BY ALLEN SCHWARTZ),

                            Defendant.

------------------------------------------------------------X

Case No. 1:17-cv-01704 (RJS)

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by Plaintiff and Defendant, by and through their undersigned counsel, that the above-captioned action has been resolved by the Parties.

The Court has reviewed a settlement agreement and deems it fair, pursuant to the Fair Labor Standards Act § 216(b). The parties accordingly agree that the action be and is hereby dismissed, with prejudice, and with no additional award of attorneys' fees or costs by the Court to any party. The Court retains jurisdiction to enforce the settlement.

Dated: New York, New York
        August ___, 2017

LAW OFFICE OF ANDREA PAPARELLA, PLLC

By:_____
    Andrea Paparella
    150 W. 28th Street, Suite 1603
    New York, New York 10001
    *Attorneys for Plaintiff*

SO ORDERED:

_____
Hon. Richard J. Sullivan, U.S.D.J.

RIVKIN RADLER LLP

By:_____
    Jonathan B. Bruno
    477 Madison Avenue, 20th Floor
    New York, New York 10022
    *Attorneys for Defendant*

Dated:_____, 2017
New York, New York